**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUTHANN LOZA, | ) Case No.: 1:17-cv-00598 - JLT |
| Plaintiff, | ) |
| | ) ORDER GRANTING IN PART PLAINTIFF'S |
| v. | ) MOTION FOR ATTORNEY'S FEES PURSUANT |
| | ) TO THE EQUAL ACCESS TO JUSTICE ACT, 28 |
| NANCY A. BERRYHILL, | ) U.S.C. § 2412 |
| Acting Commissioner of Social Security, | ) |
| | ) (Doc. 22) |
| Defendant. | ) |
| | ) |

Stuart Barasch, attorney for Plaintiff Ruthann Loza, seeks an award for fees pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 22) The Commissioner of Social Security does not oppose the motion. (Doc. 24)

Because the Administrative Law Judge's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the decision and the Commissioner's defense thereof, was not substantially justified. For the reasons set forth, Plaintiff's motion for attorney fees under the EAJA is **GRANTED** in the modified amount of **$5,472.58**.

# I.    Background

In 2013, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 10-6 at 2, 5) The Social Security Administration denied Plaintiff's applications for benefits at the initial level and upon reconsideration. (*See generally* Doc. 10-4) Plaintiff requested an administrative hearing and she

testified before an ALJ on October 27, 2015. (Doc. 10-3 at 22, 39) The ALJ concluded Plaintiff was not disabled and issued an order denying benefits on December 21, 2015. (*Id.* at 22-32) The Appeals Council denied Plaintiff's request for review of the decision on February 27, 2017 (*id.* at 2-4), and the ALJ's determination became the final decision of the Commissioner.

Plaintiff initiated the action before this Court on April 28, 2017, seeking judicial review of the ALJ's decision. (Doc. 1)  The Court determined the ALJ erred in evaluating the medical record and assessing Plaintiff's physical residual functional capacity. (Doc. 20 at 1-10) The Court remanded the matter or further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on September 10, 2018. (*Id.* at 10-11)

Following the entry of judgment (Doc. 21), Plaintiff filed the motion for fees under the EAJA now pending before the Court. (Doc. 22) The Commissioner filed a statement of non-opposition to the motion on December 21, 2018. (Doc. 24)

## II.      Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action.  28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended").

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

## III.    Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party. (Doc. 22)

### A.    Whether Defendant's position was substantially justified

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, "the action or failure to act by the agency" must be substantially justified. *Id.* Second, the Commissioner's position taken in the civil action was substantially justified. *Id.* The inquiry into whether the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). However, the Commissioner not made any effort to demonstrate either the ALJ's decision or the Commissioner's defense of the position was substantially justified, and does not oppose the fee request.

The Court remanded Plaintiff's case because the residual functional capacity identified by the ALJ lacked the support of substantial evidence in the record. The Court found "no evidentiary support" for the restriction to light work or specific postural limitations identified by the ALJ. (Doc. 20 at 10) When an ALJ's decision is not supported by substantial evidence, the Ninth Circuit determined that it followed "the government's underlying action was not substantially justified." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013). As in *Meier*, the government's position in defending the ALJ's flawed opinion was not substantially justified.

**B.      Reasonableness of the Fees Requested**

The Ninth Circuit determined courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court"). Instead, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1136, quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nevertheless, the Court has an independent duty to review the evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case. *Hensley*, 461 U.S. at 433, 436-47.

Mr. Barasch reports that several attorneys with Olinsky Law Group worked on this action, including Mr. Barasch, Howard Olinsky, Melissa Palmer, Amanda Haasz, and Edward Wicklund. (Doc. 22-1 at 3) Tasks completed by the attorneys and professional staff with Olinsky Law Group include reviewing the ALJ's decision and the administrative record that was approximately 700 pages long; drafting Plaintiff's confidential letter brief, opening brief, and reply brief; and preparing the request for EAJA fees now pending before the Court. (*See* Doc. 22-3 at 2-3) According to Mr. Barasch, he and the other attorneys expended 27.7 hours on work related to Plaintiff's appeal, including 23.1 hours in 2017 and 4.6 hours in 2018. (*Id.* at 2) Timesheets indicate nine paralegals with the firm expended 8.7 hours between 2017 and 2018 on Plaintiff's appeal. (Doc. 22-4 at 2)

>           1.      Duplicated tasks

The time sheets provided by counsel indicate several duplicated tasks due to the number of

individuals who worked on the action. For example, after Amanda Haasz drafted Plaintiff's confidential letter brief, the document was reviewed and approved by Edward Wicklund, who did not indicate any editing was required yet billed 0.2 hours for his review and approval. (*See* Doc. 22-2 at 2) Oscar Gomez also indicated that he spent 0.2 reviewing the same letter brief, which he "finalize[d]" and forwarded to Defendant's counsel. (*Id.*) Given the duplicative nature of the tasks performed by Mr. Wicklund and Mr. Gomez after the document was drafted by Ms. Haasz, the Court will deduct 0.2 hours of attorney time and 0.2 hours of paralegal time. *See Gibson v. City of Chicago*, 873 F.Supp.2d 975, 987 (N.D. Ill. 2012) (eliminating time entries for duplicative tasks).

The timesheets also indicate duplicated reviews of the opening brief and reply brief. Howard Olinksy indicated that he spent over eight hours drafting the opening brief. (Doc. 22-2 at 2) Mr. Wicklund billed 0.7 hours for reviewing the document making "minimal edits," and forwarding the document to co-counsel. (*Id.* at 3) In turn, Mr. Barasch gave the document a second review, for which he billed 0.4 hours. (*Id.*) There is no explanation why a document prepared by senior counsel at the law firm required two other attorneys to review it prior to its filing. Likewise, after the reply brief was drafted by Melissa Palmer, Mr. Wickland and Mr. Barasch both reviewed the document, for which they billed a total of 0.4 hours. Thus, the Court will deduct 1.5 hour of attorney time from the fee award for the duplicative nature of the document review. *See Gibson*, 873 F.Supp.2d at 987.

### 2. Clerical tasks

The Supreme Court determined that "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable. *See L.H. v. Schwarzenegger,* 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing and updating files was clerical, and declining to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal") In addition, courts in the Ninth Circuit have determined drafting and preparing documents related to service of process are clerical tasks and reduced the number of hours awarded as fees accordingly. *See, e.g., Kirk v. Berryhill* 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) ("drafting letters and preparing documents related to representation and service of process …. could have been completed by experienced support staff");

*Bailey v. Colvin*, 2013 WL 6887158, at *4 (D. Or. Dec. 31, 2013) (denying fees for "service of process" because "the Court may not award fees for clerical work even when the work is performed by attorneys"). Because the timesheets submitted by Plaintiff include 0.6 hours for service of process by Michelle Callahan, this time will be deducted from the fee award due to its clerical nature.

### 3. Block-billing and overbilling

The time entries are presented in a "block" format, which bundles tasks in a block of time and "makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007) Accordingly, the Ninth Circuit explained that, where the attorney presents time expended in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format"). This is particularly troublesome where, as here, entries include both compensable and clerical tasks. For example, entries from Mr. Gomez indicate time to "[f]inalize *and file* proof of service" of a document on May 12, 2017 and his review, finalizing, and filing of the EAJA motion now before the Court. (Doc. 22-4 at 2)

Further, the Court's review of the time sheets provided causes serious concerns regarding overbilling for many tasks. For example[1], the Court cannot find it was reasonable for Mr. Olinski to bill .1 hours to review the Court's order regarding random assignment of the magistrate judge, when the order includes only three sentences. (*See* Doc. 5-1 at 1) Mr. Barasch indicated it took 0.2 hours to review and execute the magistrate judge consent form, which is a simple, single page document. (*See* Doc 6). It is unreasonable to report that it took 12 minutes to complete the form, or six minutes to review the Court's check-box form completed by defendant (*see* Doc. 9).

Given the block billing and overbilling that occurred, the Court exercises its discretion to reduce the remaining reported time by 10 percent. *See Moreno*, 534 F.3d at 1112 (a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion").

///

---

[1] There are other examples but the Court declines to expend its limited resources to identify each one.

### 4.    Hourly rates

Plaintiff requests "an hourly rate of $196.79 for attorney time in 2017 and an hourly rate of $200.78 for attorney time in 2018" and $125.00 for paralegal time.  (Doc. 22-1 at 2)  Defendant does not object to these rates.  (*See* Doc. 23 at 4)  Notably, the attorney hourly rates are consistent with the statutory maximum set by the Ninth Circuit in 2017 and 2018, and the requested paralegal rate is within the range of accepted rates in the Fresno Division of the Eastern District of California.  *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited March 26, 2019); *see also Silvester v. Harris*, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 2014) ("The current reasonable hourly rate for paralegal work in the Fresno Division ranges from $75 to $150, depending on experience").  Consequently, the Court finds the hourly rates requested are reasonable.

### 5.    Amount to be awarded

With the deductions set forth above, attorneys with Olinsky Law Group expended a total of 23.22 hours on compensable work in this action on behalf of Plaintiff, which includes 19.62 hours in 2017 and 3.6 hours in 2018.  The paralegals expended a total of 7.11 compensable hours this action. The Court finds the total of 30.33 hours to be reasonable in light of the tasks performed by counsel and the professional staff, and the results achieved.  Accordingly, Plaintiff is entitled to an award of $**5,472.58**.[2]

## C.    Expenses

Plaintiff seeks "the amount of $17.67 for reimbursement of the service of process expenses." (Doc. 22-1 at 3)  Significantly, however, the Court granted Plaintiff's request to proceed *in forma pauperis* in this action and directed the U.S. Marshal "serve a copy of the complaint, summons, and this order upon the defendant."  (Doc. 3 at 4)  When a plaintiff proceeds *in forma pauperis* and the U.S. Marshal has been directed to complete service, the plaintiff may not recover expenses related to service.  *DeArmon v. Colvin*, 2013 U.S. Dist. LEXIS 137858 at *5 (E.D. Cal. Sept. 25, 2013). Accordingly, Plaintiff's request for expenses is **DENIED**.

---

[2] This amount includes $3,861.02 for the work completed by counsel in 2017; $722.81 for the work completed by counsel in 2018; and $888.75 for the work completed by the paralegals.

## D.  Assignment of the Fee Award

Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to a fee agreement she signed.  (*See* Doc. 22-1 at 3) In *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court determined that EAJA fees must be made payable to the "prevailing party."  As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant.  *See id.*, 560 U.S. at 592-93.

Notably, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met."  *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70.  In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Because Plaintiff has assigned her rights to counsel, the EAJA fees should be made payable directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements.  *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, 2016 U.S. Dist. LEXIS 124272 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on whether plaintiff owes any debt to the government[,]… the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act").  If the government chooses to not accept the assignment, payment shall be made to Plaintiff and mailed to her attorney.

## IV.  Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it were not substantially justified.  *See* 28 U.S.C. § 2412(d)(2)(H).  With the deductions set forth above, Olinsky Law Group expended a total 30.33 hours on compensable work in this action, which is reasonable in light of the tasks performed on Plaintiff's behalf and results achieved.

///

Based upon the foregoing, the Court **ORDERS**:

1.         Plaintiff's motion for attorney's fees (Doc. 22) is **GRANTED** in part, in the modified amount of **$5,472.58**;

2.         Plaintiff's request for expenses is **DENIED**;

3.         Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Stuart Barasch; and

4.         Payment **SHALL** be mailed to Plaintiff's counsel of record, Stuart Barasch.

IT IS SO ORDERED.

Dated:   **March 26, 2019**               **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE